**FILED**
SEP 29 2005

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| HOWARD L. HARRISON, | CIV 05-4048 |
|  | CR 98-40101-08 |
| Movant, |  |
| -vs- | MEMORANDUM OPINION |
|  | AND ORDER |
| UNITED STATES OF AMERICA, |  |
| Respondent. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Howard L. Harrison has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc.1). The Government filed its Answer to the § 2255 motion and an accompanying brief, asserting in part that the § 2255 was untimely filed and should be dismissed with prejudice. (Docs. 6 and 7.)

**BACKGROUND**

On April 20, 1999, following a jury trial, Howard Harrison was convicted of one count of conspiracy in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(A)(i). Pursuant to the federal sentencing guidelines, Movant was sentenced to 384 months of imprisonment. Movant's conviction was affirmed by the Eighth Circuit, but the sentence was vacated and remanded for reconsideration in light of the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (any fact, other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and proven to the jury beyond a reasonable doubt). On remand, this Court imposed a 264-month sentence. Movant appealed a second time. The Eighth Circuit reversed and remanded, directing this Court to reinstate the original 384-month sentence that it had imposed. *See United States v. Harrison*, 340 F.3d 497 (8th Cir. 2003). On October 29, 2003, this Court entered an Amended Judgment sentencing Movant

for the final time and reimposing the initial 384-month sentence. Movant did not appeal from that Amended Judgment. Movant filed this § 2255 motion on March 28, 2005.

Liberally interpreting Movant's *pro se* motion, it is apparent that Movant believes his sentence is unconstitutional in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738 (2005). He implies that it was a violation of his Constitutional rights when the Court enhanced his sentence under the federal sentencing guidelines based on the Court's findings by a preponderance of the evidence that he had an aggravating role in the offense, obstructed justice, and was a career offender. Movant also contends that his sentences on the two counts of conviction did not need to be consecutive in light of the current non-mandatory nature of the federal sentencing guidelines.

## DISCUSSION

Congress has established a one-year period of limitations for motions to vacate, set aside, or correct sentences. 28 U.S.C. § 2255. The limitation period runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

*Id.*

In this case, the one-year period of limitation runs from the date Movant's conviction became final. Movant had ten days to appeal from his October 29, 2003 judgment of conviction. He did not

appeal, and his conviction became final on November 13, 2003.[1] The one year period for filing a § 2255 expired on November 13, 2004, more than four months before Movant filed this action on March 28, 2005. The action is therefore barred under the one-year period of limitation in § 2255.

Movant asserts that he brought his Motion within one year of the "new interpretation of law by the United States Supreme Court," suggesting that the one-year limitation period should run from the date the Supreme Court issued its opinion in *United States v. Booker*, which was January 12, 2005. In *Booker*, the Court held that the Sixth Amendment right to a jury trial attaches to findings that enhance a defendant's sentence under the federal sentencing guidelines. *See Booker*, 125 S.Ct. at 748-56. In a separate majority opinion, the Court invalidated the provisions of the Sentencing Reform Act that make the federal guidelines mandatory. The Court concluded that the Act, so modified, "makes the Guidelines effectively advisory." *Id.* at 756-69. After *Booker*, a sentencing court is required "to consider Guidelines ranges" but is permitted "to tailor the sentence in light of other statutory concerns as well. . . ." *Id.* at 756 (citing 18 U.S.C. § 3553(a)). Movant cannot prevail on his argument that the statute of limitations should run from the date of the *Booker* decision because, according to § 2255, the one-year period of limitations will run from the date on which a right is newly recognized by the Supreme Court only if that right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). The Supreme Court has not ruled on the retroactivity of *Booker*. The Eighth Circuit recently issued its opinion in *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005), holding that *Booker* "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Thus, 28 U.S.C. § 2255(3) does not apply in this case, and Movant's motion is untimely.

---

[1]Rule 45((a) of the Federal Rules of Criminal Procedure provides that Saturdays, Sundays, and legal holidays shall be excluded when any period of time specified in the rules is less than 11 days.

3

Even if the motion had been timely filed, Movant would not be entitled to relief because the Eighth Circuit's holding in *Never Misses a Shot* that *Booker* is not retroactive precludes Movant from collaterally attacking his sentence on the basis of *Booker*.

When the district court has denied a motion under 28 U.S.C. § 2255, the Movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED that Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, this case is dismissed with prejudice, and a certificate of appealability shall not issue.

Dated this 28th day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)     DEPUTY

4